Roberto Colón, demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 6597.—*Sometido:* Marzo 13, 1935. *Resuelto:* Julio 11, 1935.

*F. Ramírez de Arellano*, abogado del apelante; *Hon. Procurador General Benjamin J. Horton* y *R. Cordovés Arana, Subprocurador*, abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación fué interpuesta porque se declaró sin lugar la demanda.

El apelado nos pidió que desestimásemos este recurso por frívolo pero esa moción fué oída al mismo tiempo que la apelación, por lo que dictaremos una sola resolución.

La cuestión fundamental es si la demanda aduce o no hechos determinantes de causa de acción. Si no son suficientes no será necesario resolver si las acciones que se ejercitan tienen que ser alegadas separadamente toda vez que el demandante no quiso enmendar su demanda.

El apelante vendió varios tractores desde el 4 de agosto de 1931 hasta el mes de julio de 1932 en que radicó su demanda y por esas ventas le cobró el Tesorero de Puerto Rico la cantidad de $2,439.35 que el demandante pagó bajo protesta y que pide se le devuelvan por estimar que la ley bajo la cual se le impuso dicha contribución no comprende tractores agrícolas, como son los que vendió, porque no son vehículos de motor sino parte integrante de los arados mecánicos y carecen de ruedas porque se mueven sobre una banda dentada metálica llamada *caterpillar*.

En el caso de *West India Machinery & Supply Company*

v. *Domenech, Tesorero de Puerto Rico,* 46 D.P.R. 111, dijimos que ese pleito se estableció para recobrar ciertas contribuciones pagadas bajo protesta sobre un número de tractores usados para fines agrícolas, siendo la contención del demandante que los tractores destinados y utilizados para fines agrícolas están exentos de contribución de conformidad con las disposiciones del inciso 8 de la sección 16 de la Ley de Rentas Internas, tal cual fué enmendada en 1931, pero que en la apelación fué abandonada esa posición insostenible para argüir que el Tesorero no podía exigir más del 10 por ciento de la venta; y declaramos que los tractores están necesariamente incluídos en la frase "Vehículos de motor" descritos en dicha sección. Por lo resuelto en ese caso podríamos confirmar sin más argumentación la sentencia apelada pero en vista del laborioso alegato del apelante diremos algo más.

La ley en controversia es la que se tuvo en cuenta en el caso antes citado, la que copiada en lo necesario dice así:

"*Vehículos de motor y lanchas y botes de motor.*—Sobre todo vehículo de motor, incluyendo automóviles, autowagones, camiones, tractores, autos de arrastre, motocicletas (sea cual fuere el nombre con que se conocieren) *chassis,* motores, cajas, baterías, tubos interiores y neumáticos para los mismos, lanchas, tengan o no puestos los motores, motores para las mismas, incluyendo motores usados para la parte exterior, que se vendan, traspasen, fabriquen, usen o introduzcan en Puerto Rico, un impuesto de diez (10) por ciento sobre el precio de venta en Puerto Rico; . . ."

La ley impone contribución por la venta de vehículos de motor, incluyendo automóviles, autowagones, camiones, tractores, autos de arrastre y motocicletas. El apelante sostiene que los tractores no son vehículos de motor porque no tienen ruedas, neumáticos ni tubos interiores para los mismos, pues se mueven sobre una banda metálica llamada *caterpillar;* sin embargo, la ley ha considerado a los tractores como vehículos de motor al incluirlos entre los vehículos de motor, por lo que hay que concluir que son vehículos de motor, como

declaramos en el caso antes citado. El vehículo de motor se mueve por fuerza que no es la muscular, como los automóviles, los tractores y otros.

También dice el apelante que la ley se refiere a los tractores industriales y no a los dedicados a trabajos agrícolas, que sirven para arrastrar los pesados arados modernos y otros aparatos agrícolas, porque la agricultura debe ser protegida. Esto no obstante la ley ha impuesto contribución sobre los tractores sin distinguir entre industriales y agrícolas, como hace el apelante. Por disposición de la ley todos los tractores tienen que pagar contribuciones y nosotros no estamos autorizados para agregar a la ley palabras y excepciones que ella no contiene. Esa es función de la Legislatura, la que puede excluir del impuesto los tractores que el apelante llama agrícolas, si lo cree conveniente.

*La sentencia apelada debe ser confirmada.*